## DAVIS VS. McKAY.

In an action commenced before a justice of the peace, the complaint alleged the cause of action to be " for the balance due on sale and delivery of wheat, * * * sold and delivered to the defendant on &c., for an amount of one hundred and fifty bushels, for which plaintiff demands judgment." *Held*, that this was sufficient to admit proof of a *mistake* made by the parties in settling for wheat delivered by plaintiff to defendant, by reason of which the latter was charged with and paid for one hundred and fifty bushels less than the amount actually delivered.

Whether or not it was necessary for the plaintiff to *prove* notice of such mistake given to defendant, with demand of payment, the evidence showing that the plaintiff had actually notified the defendant that there was such a mistake, and claimed that he had not been paid for the whole amount of wheat delivered, and showing also that the defendant refused to examine the account, after the settlement, when requested to do so by the plaintiff in order to satisfy himself of the mistake, and said he would have nothing to do with it, a judgment for the plaintiff will not be reversed on the ground that such notice and demand were not *averred* in the complaint.

APPEAL from the Circuit Court for *Marquette* County.

This action was commenced before a justice of the peace, and taken up by appeal to said circuit court, where a verdict was found and judgment rendered for the plaintiff. The defendant appealed to this court.

*John C. Truesdell*, for appellant.

*G. J. Cox* and *A. B. Hamilton*, for respondent.

*By the Court,* COLE, J.   The cause of action stated in the complaint was " for balance due on sale and delivery of wheat at an agreed price of sixty-three cents per bushel, sold and delivered to the defendant on or about the 20th of June, 1862, for an amount of 150 bushels, for which plaintiff demands judgment." The defendant answered, alleging in substance that he had paid in full for all of the wheat he had purchased. The cause was tried before a justice, and, upon judgment being rendered against the appellant, he removed the case to the circuit court, where there was a trial *de novo.* A number of errors are assigned to the ruling of the circuit court on the trial, but we do not consider them of sufficient importance to require notice in detail. It appears that the parties, in settling for the wheat sold and delivered, made a mistake in their footings; and it is contended that the respondent could not show this mistake under the allegations of his complaint. We are of opinion, however, that the complaint was sufficient to admit proof of that fact. We fail to appreciate the objection that the mistake should have been set out in the complaint. The respondent sued for a balance due, and in order to sustain his action must show that more wheat had been delivered than he had received pay for. It appears he did establish that fact to the satisfaction of a jury. Why could he not make that proof under the complaint? We cannot perceive that any principle of law or rule of practice was violated in permitting him to do so.

Another objection is, that the respondent was required to aver and prove notice of the mistake, and a demand of the value of the wheat unpaid for, in order to recover such value in this action. As a matter of fact, the appellant says, in his testimony, that *Davis* called on him to look over the mistake in the amount of wheat, and showed him his figures. He says that he thought the matter so childish that he pushed the paper from him, and would have nothing to do with it. So it appears that he did actually have notice that the respondent

claimed there was a mistake in their settlement, and that he had not paid for all the wheat which he had received. And he had an opportunity to correct the mistake. We do not wish to be understood as saying that it was essential for the respondent to give this notice in order to maintain the action. He was bound, of course, to show that there was a mistake in the settlement—that he had delivered more wheat than he had been paid for. This was incumbent upon him. Conceding that he should have notified the appellant of the mistake, it certainly was not necessary for him to give any further notice or make any other demand than he did, to recover.

The judgment of the circuit court is affirmed.